IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01997-BNB

WALLACE GILBERT-MITCHELL, JR.

      Plaintiff.

V.

DAVID V. ALLRED, in his personal and professional capacities,
H. NEWCOMB, in his personal and professional capacities,
MS. INOUYE, in her personal and professional capacities,
CHARLIE A. DANIELS, in his personal and professional capacities,
J. RODRIGUES, in his personal and professional capacities,
ROBERT LEGGITT, in his personal and professional capacities,
THERESA MONTOYA, in her personal and professional capacities,
MS. MCDERMOTT, in her personal and professional capacities, and
THE UNITED STATES OF AMERICA, in tort,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Wallace Gilbert-Mitchell, Jr., is in the custody of the federal Bureau of Prisons and currently is incarcerated at USP-Florence, Colorado.  He initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff asserts claims against the Defendants for violation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The Court construes the Complaint liberally because Mr. Gilbert-Mitchell is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed

the Complaint and has determined that it is deficient.  Mr. Gilbert-Mitchell therefore will

be directed to file an amended complaint for the reasons discussed below.

In the Complaint, Mr. Gilbert-Mitchell challenges actions by the Defendants that

affect primarily the conditions of his confinement.  Plaintiff asserts that the Defendants'

objectionable actions were taken in part in retaliation for his filing of grievances against

the Defendants and his pursuit of the instant litigation.  Mr. Gilbert-Mitchell asserts that

the Defendants deprived him of his constitutional rights when they:  (1) denied him

adequate medical care for his serious medical needs; (2) fed him soy products and

exposed him to soy when they knew he was allergic to soy; (3) denied him three

adequate meals a day; (4) housed him in cells with inoperable toilets, thereby resulting

in his prolonged exposure to feces; (5) forced him to recreate in the presence of

inmates who Plaintiff has identified as enemies and denied him sufficient out-of-cell

recreation time; (6) violated his rights under the HIPAA[1] by releasing his confidential

medical information; (7) falsified an incident report, which resulted in an increase in the

term of his prison sentence; (8) refused to provide him with grievance forms to exhaust

his administrative remedies, confiscated his legal documents, and denied him access to

the law library; (9) denied him the right to participate in Ramadan and attempted to

convert him to Christianity; and, (10) denied him access to his legal counsel by

confiscating his legal mail sent from his attorney.  For claim eleven, Mr. Gilbert-Mitchell

asserts that Defendant United States is liable "in tort" for the constitutional deprivations

---

[1]Health Insurance Portability and Accountability Act.

committed by the other Defendants.  He seeks injunctive and monetary relief.

The Complaint is deficient because he United States has not waived its sovereign immunity under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680, for constitutional tort claims.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).  Sovereign immunity also bars a *Bivens*-type action against the United States.  *Id.* at 484-85.  Accordingly, the United States should not be named as a party in the amended complaint.

Further, HIPAA does not create a private cause of action for the alleged disclosure of confidential medical information.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010).  Plaintiff therefore should not include a claim for violation of HIPAA in his amended complaint.

In addition, Plaintiff's allegations that the Defendants retaliated against him for filing grievances by falsifying an incident report, resulting in a prison disciplinary conviction and a concomitant increase in the term of his prison sentence, must be asserted in a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  *Mcintosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  Accordingly, this claim should not be included in the amended complaint.

Finally, Mr. Gilbert-Mitchell's factual allegations are not sufficiently specific to show the personal participation of each Defendant in a violation of his constitutional rights.  For example, Plaintiff asserts almost every claim against Defendant Allred; however, Defendant Allred is a physician at USP-Florence and is not in charge of the daily operations at the facility.  Plaintiff is advised that personal participation by the

3

named defendants is an essential allegation in a civil rights action. *See Kite v. Kelley*, 546 F.2d 334, 338 (10th Cir. 1976). Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Moreover, a supervisor, such as Warden Daniels, is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 [or *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Accordingly, it is

ORDERED that Plaintiff, Wallace Gilbert-Mitchell, Jr., file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of one or more claims or Defendants.

DATED August 7, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge