IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01997-BNB

WALLACE GILBERT-MITCHELL, JR.

    Plaintiff.

V.

DAVID V. ALLRED, in his personal and professional capacities,
H. NEWCOMB, in his personal and professional capacities,
MS. INOUYE, in her personal and professional capacities,
CHARLIE A. DANIELS, in his personal and professional capacities,
J. RODRIGUES, in his personal and professional capacities,
ROBERT LEGGITT, in his personal and professional capacities,
THERESA MONTOYA, in her personal and professional capacities,
MS. MCDERMOTT, in her personal and professional capacities, and
THE UNITED STATES OF AMERICA, in tort,

    Defendants.

ORDER OVER-RULING OBJECTIONS
TO ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Wallace Gilbert-Mitchell, is a prisoner in the custody of the federal Bureau of Prisons and is incarcerated at USP-Florence, Colorado. He has filed a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), alleging a deprivation of his constitutional rights. The matters before the Court at this time are a Motion for Relief from Judgment (ECF No. 8) and a Motion for the Appointment of Counsel (ECF No. 7). Also pending are two motions for temporary restraining order and preliminary injunction, which the Court will address at a later date.

Mr. Gilbert-Mitchell filed his Motion for Relief from Judgment pursuant to Rule

60(b) of the Federal Rules of Civil Procedure.  However, Fed. Civ. P. 60(b) only applies to a "final judgment."  Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  *See also* Fed. R. Civ. P. 72(a).  The Court has reviewed the file and finds that Magistrate Judge Boland's order directing Plaintiff to file an amended complaint is not clearly erroneous or contrary to law.

    Mr. Gilbert-Mitchell objects to the Court's August 7, 2012 Order directing him to file an amended complaint on several grounds.  He first asserts that the Court has misconstrued his allegations against the Unites States as seeking relief under *Bivens* when Plaintiff is proceeding against the United States under the Federal Tort Claims Act (FCTA), 28 U.S.C. §§ 2671-2680.  However, the allegations of the original Complaint do not clearly assert a claim under the FTCA.  Plaintiff further clarifies that in challenging his prison disciplinary convictions, he does not seek the restoration of forfeited good time credits and may therefore bring his claim in this *Bivens* action.  Next, although Mr. Gilbert-Mitchell appears to concede that the Health Insurance Portability and Accountability Act (HIPAA) does not create a private right of action, he nonetheless maintains, without legal basis, that Defendants have violated the HIPAA.   Finally, Mr. Gilbert-Mitchell argues that he has alleged sufficient facts to demonstrate  the personal participation of each Defendant in the alleged deprivations of his constitutional rights and has no further facts to include in an amended complaint.  The Court observes, however, that Plaintiff does include more specific factual allegations against the Defendants in his pending Motion for Temporary Restraining Order and for Preliminary

Injunction. (ECF No. 9, Ex. A).

It is within the Court's discretion to order a prisoner plaintiff to file an amended complaint. *See* D.C.COLO.LCivR 8.2.C (stating that "a judicial officer designated by the Chief Judge shall review the pleadings of a prisoner (regardless of representation by counsel) to determine whether the pleadings should be dismissed summarily if the prisoner is [challenging prison conditions and seeks redress from a governmental entity, officer or employee]. A judicial officer may request additional facts. . . necessary to make this determination.").

The Court finds that Mr. Gilbert-Mitchell has failed to demonstrate that the August 7, 2012 Order Directing Plaintiff to File an Amended Complaint was clearly erroneous or contrary to law. An amended complaint is required to clarify the FTCA and HIPAA claims, the claims challenging prison disciplinary convictions, and the personal participation of each Defendant in the alleged constitutional deprivations.    Indeed, some of Plaintiff's arguments in the Motion only serve to reinforce the Court's Order. Accordingly, it is

ORDERED that the Motion for Relief from Judgment (ECF No. 8) is **denied**. It is

FURTHER ORDERED that Plaintiff shall file an amended complaint on the court-approved Prisoner Complaint form that complies with the directives of the August 7, 2012 Order, **on or before October 4, 2012**. Plaintiff should also clarify in the amended complaint that he is suing the United States under the FTCA and that he is not seeking the restoration of forfeited good time credits in this action. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff a copy of the Prisoner Complaint form because Plaintiff has represented that he cannot obtain it at the prison. It is

FURTHER ORDERED that the Motion for the Appointment of Counsel (ECF No. 7) is **denied** as premature.

DATED September 4, 2012, at Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court