IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01997-BNB

WALLACE GILBERT-MITCHELL, JR.

    Plaintiff.

V.

DAVID V. ALLRED, in his personal and professional capacities,
H. NEWCOMB, in his personal and professional capacities,
MS. INOUYE, in her personal and professional capacities,
CHARLIE A. DANIELS, in his personal and professional capacities,
J. RODRIGUES, in his personal and professional capacities,
ROBERT LEGGITT, in his personal and professional capacities,
THERESA MONTOYA, in her personal and professional capacities,
MS. MCDERMOTT, in her personal and professional capacities, and
THE UNITED STATES OF AMERICA, in tort,

    Defendants.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

    Plaintiff, Wallace Gilbert-Mitchell, Jr., is a federal prisoner who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting violations of his constitutional rights. Mr. Gilbert-Mitchell has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The matter before the Court at this time is Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 6), filed on August 20, 2012.

    A temporary restraining order or preliminary injunction is an "extraordinary

1

remedy", and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). To obtain a preliminary injunction, the party seeking the injunction must demonstrate four factors:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001). A mandatory preliminary injunction—one which requires the nonmoving party to take affirmative action—is generally disfavored. *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). Before a court may grant such relief, the movant must "make a heightened showing of the [ ] four factors." *Id.*

Mr. Gilbert-Mitchell asserts in his motion that unidentified prison officials have prohibited him from sending or receiving mail. However, this conduct is not challenged in the Complaint, nor has Plaintiff sought leave to amend his Complaint to include the new claim. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (a movant for preliminary injunctive relief must establish "'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'") (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)). Furthermore, Mr. Gilbert-Mitchell's allegations in the motion are not asserted against any of the Defendants named in the Complaint. And, finally, the Plaintiff cannot show irreparable harm because the claimed injury is not certain. The Court's docketing system reflects that Mr. Gilbert-Mitchell filed three motions for extension of time subsequent to his motion for preliminary injunctive

relief.  (*See* ECF Nos. 13, 17, 19).  *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'") (internal quotation marks and citation omitted); Fed.R.Civ.P. 65(b).  The Court therefore finds that Mr. Gilbert-Mitchell's allegations are insufficient to support the issuance of a preliminary injunction.  Accordingly, it is

ORDERED that the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 6), filed on August 20, 2012, is **DENIED**.

DATED at Denver, Colorado, this 15th day of January, 2013.

BY THE COURT:


　　　　　　　　　　　　　s/ Lewis T. Babcock
　　　　　　　　　　　　　LEWIS T. BABCOCK, Senior Judge
　　　　　　　　　　　　　United States District Court