IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01997-BNB

WALLACE GILBERT-MITCHELL, JR.

    Plaintiff.

V.

DAVID V. ALLRED, in his personal and professional capacities,
H. NEWCOMB, in his personal and professional capacities,
MS. INOUYE, in her personal and professional capacities,
CHARLIE A. DANIELS, in his personal and professional capacities,
J. RODRIGUES, in his personal and professional capacities,
ROBERT LEGGITT, in his personal and professional capacities,
THERESA MONTOYA, in her personal and professional capacities,
MS. MCDERMOTT, in her personal and professional capacities, and
THE UNITED STATES OF AMERICA, in tort,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

Plaintiff, Wallace Gilbert-Mitchell, Jr., is in the custody of the federal Bureau of Prisons and is incarcerated currently at USP-Florence, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff asserts claims against the Defendants for violation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On August 7, 2012, Magistrate Judge Boyd N. Boland reviewed the Complaint and found it to be deficient because the Plaintiff is suing an improper party, asserts

claims under a federal statute that does not provide a private cause of action, and fails to allege the personal participation of each Defendant in the alleged constitutional deprivations. Accordingly, the Court directed Mr. Gilbert-Mitchell to file an amended complaint within thirty days. Plaintiff was thereafter granted four extensions of time to file his amended complaint. It was due on December 26, 2012. Mr. Gilbert-Mitchell was advised in the August 7 Order that failure to file an amended complaint by the court-ordered deadline may result in the dismissal of some claims and defendants. Plaintiff has not filed an amended complaint to date. Accordingly, the Court will review the allegations of the original Complaint.

Mr. Gilbert-Mitchell has been granted leave to proceed *in forma pauperis* pursuant to 28 U. S.C. § 1915. The Court must dismiss the Complaint, or any portion of the Complaint, that is frivolous. *See* 28 U.S.C. § 1915A(b)(1). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court construes the Complaint liberally because Mr. Gilbert-Mitchell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Complaint will be dismissed, in part.

In the Complaint, Mr. Gilbert-Mitchell asserts that the Defendants engaged in the following unconstitutional actions, that were taken, in part, in retaliation for Plaintiff's filing of grievances and his pursuit of the instant litigation: (1) denial of adequate

medical care for his serious medical needs; (2) feeding him soy products and exposing him to soy knowing that he was allergic to soy; and, refusing to treat his allergic reactions; (3) denial of three adequate meals a day; (4) housing him in cells with inoperable toilets, thereby resulting in his prolonged exposure to feces; (5) forcing him to recreate with his known enemies who have assaulted him, and denying him sufficient out-of-cell recreation time; (6) violating his rights under the HIPAA[1] by releasing his confidential medical information; (7) falsifying an incident report, which resulted in an increase in the term of his prison sentence; (8) refusing to issue him grievance forms to exhaust his administrative remedies; confiscating his legal documents; and denying him access to the law library; (9) denying him religious meals and the right to participate in Ramadan, while attempting to convert him to Christianity; and, (10) denying him access to his legal counsel by confiscating legal mail sent from his attorney.  For claim eleven, Mr. Gilbert-Mitchell asserts that Defendant United States is liable "in tort" for the constitutional deprivations committed by the other Defendants.  He seeks injunctive and monetary relief.

The United States has not waived its sovereign immunity under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§2671-2680, for constitutional tort claims.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).  Sovereign immunity also bars a *Bivens*-type action against the United States.  *Id.* at 484-85.  Alternatively, to the extent Plaintiff sues the United States under the FTCA based on the actions of the individual defendants, he fails to allege a state law basis for holding the United States liable.  *See* 28 U.S.C. §

---

[1] Health Insurance Portability and Accountability Act, Pub.L. 104–191, 110 Stat.1936 (1996).

1346(b) (stating that the United States may be held liable for personal injury or loss of property caused by a government employee under circumstances where the United States, if a private person, would by liable to the claimant in accordance with the law of the place where the act or omission occurred).  Accordingly, the United States will be dismissed as an improper party to this action.

The HIPAA claim will be dismissed as legally frivolous because HIPAA does not create a private cause of action for the alleged disclosure of confidential medical information.  See *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010).

Plaintiff's claim challenging his prison disciplinary, which resulted in an increased term of imprisonment, are not actionable in a *Bivens* action, but instead must be asserted in a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. *Mcintosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

Mr. Gilbert-Mitchell's eighth and tenth claims do not support arguable claims for violations of Plaintiff's constitutional right of access to the courts.  Prisoners have a constitutional right of access to the courts which may require that prison officials provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. See *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977).  Access to counsel is another means to ensure access to the courts.  See *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (citing *Evans v. Moseley*, 455 F.2d 1084, 1087 (10th Cir. 1972) (prisoner's right to correspond with attorney does not extend to correspondence "on any subject," but only to issues implicating access to courts)).  However, to state a claim for violation of the constitutional right to access the courts, a prisoner "must demonstrate

4

actual injury . . . —that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351–55 (1996)).  Furthermore, the right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus.  *See Wolff v. McDonnell,* 418 U.S. 539, 576 (1974); *Carper v. DeLand,* 54 F.3d 613, 617 (10th Cir.1995). *See also Lewis*, 518 U.S. at 354 (disclaiming statements in *Bounds* suggesting that the State must enable the prisoner to *litigate effectively* once in court) (emphasis in the original).  Here, plaintiff does not allege facts to show that he has suffered an actual injury as a result of the confiscation of his legal mail and legal documents, the limitations placed on his use of the grievance procedure, and the lack of access to the law library.   Although Mr. Gilbert-Mitchell asserts that his pending actions may be dismissed as a result of Defendants' conduct, speculation as to what may occur in the future does not satisfy the actual injury requirement of *Lewis*.  Accordingly, claims eight and ten will be dismissed as legally frivolous.

Finally, Mr. Gilbert-Mitchell's factual allegations are not specific enough to show the personal participation of Defendant Warden Daniels in a violation of his constitutional rights.  Plaintiff was warned by Magistrate Judge Boland in the August 7 Order that personal participation by the named defendants is an essential allegation in a civil rights action.  *See Kite v. Kelley*, 546 F.2d 334, 338 (10th Cir. 1976).  Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Moreover, a supervisor is

only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Plaintiff seeks to hold Defendant Daniels liable based on his supervisory position as warden of USP-Florence, which is insufficient under *Bivens*. Accordingly, Defendant Daniels is an improper party to this action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR8.2.C, the Court has determined that Mr. Gilbert-Mitchell's remaining claims against Defendants Allred, Newcomb, Inouye, Rodrigues, Leggitt, Montoya, and McDermott are not appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants the United States and Charlie A. Daniels are DISMISSED as parties to this action. It is

FURTHER ORDERED that the HIPAA claim (claim six); the claim challenging Plaintiff's prison disciplinary conviction, which resulted in a longer prison sentence

---

(claim seven); the claims asserting a violation of Plaintiff's constitutional right of access to the courts (claims eight and ten); and, the claim against the United States (claim eleven), are DISMISSED. It is

FURTHER ORDERED that the retaliation and other constitutional claims against Defendants Allred, Newcomb, Inouye, Rodrigues, Leggitt, Montoya, and McDermott are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 22nd day of January, 2013.

BY THE COURT:


   s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court