IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01997-CMA-MJW

WALLACE GILBERT-MITCHELL, JR.,

Plaintiff,

v.

DAVID V. ALLRED, in his personal and professional capacities,
H. NEWCOMB, in his personal and professional capacities,
MS. INOUYE, in her personal and professional capacities,
J. RODRIGUES, in his personal and professional capacities,
ROBERT LEGGITT, in his personal and professional capacities,
THERESA MONTOYA, in her personal and professional capacities, and
MS. MCDERMOTT, in her personal and professional capacities,

Defendants.

---

**RECOMMENDATION ON
MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION (Docket No. 9)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 27) issued by Judge Christine M. Arguello on January 25, 2013.  This matter comes before the court on plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 9).

Plaintiff is proceeding *pro se.*  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys . Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro*

2

*se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a "plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

On February 26, 2013, the Federal Bureau of Prisons ("BOP") filed a motion (Docket No. 46) asking the court to reconsider Judge Boland's Order (Docket No. 4) granting plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 3). In its motion, the BOP asserts that plaintiff is not permitted to proceed *in forma pauperis* because he has accumulated at least three strikes under 28 U.S.C. § 1915(g). The BOP further asserts that plaintiff has used multiple aliases, including in this matter, in an attempt to circumvent his three-strikes status. See Docket No. 46-3 at 2. Indeed, a Middle District of Florida court has previously found that plaintiff attempted to prosecute a case there "under a variation of his correct name [which] was meant to thwart the Court's investigation of his prior case filing history." See Docket No. 46-2 at 2.

On February 27, 2013, this court held a status conference and informed plaintiff that he would be given until March 18, 2013 to respond to the BOP's motion. In addition, the court denied plaintiff's Motion for a Protective Order (Docket No. 39) without prejudice pending a determination on plaintiff's *in forma pauperis* status.

Based on the BOP's motion, the court finds that a genuine issue as to plaintiff's *in forma pauperis* status exists. Accordingly, the court recommends that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 9) be denied without prejudice until such time as the court makes a determination as to the BOP's Motion for Reconsideration (Docket No. 46).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 9) be **DENIED WITHOUT PREJUDICE.**

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  February 28, 2013            s/ Michael J. Watanabe
       Denver, Colorado             Michael J. Watanabe
                                    United States Magistrate Judge