IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01997-CMA-MJW

WALLACE GILBERT-MITCHELL, JR.,

Plaintiff,

v.

DAVID V. ALLRED, in his personal and professional capacities,
H. NEWCOMB, in his personal and professional capacities,
MS. INOUYE, in her personal and professional capacities,
J. RODRIGUES, in his personal and professional capacities,
ROBERT LEGGITT, in his personal and professional capacities,
THERESA MONTOYA, in her personal and professional capacities, and
MS. MCDERMOTT, in her personal and professional capacities,

Defendants.

---

**ORDER ON
FEDERAL BUREAU OF PRISONS' MOTION TO RECONSIDER GRANTING
PLAINTIFF IN FORMA PAUPERIS STATUS (Docket No.46)
and
RECOMMENDATION OF DISMISSAL OF CASE**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 27) issued by Judge Christine M. Arguello on January 25, 2013.  This matter comes before the court on the Federal Bureau of Prisons' ("BOP") Motion to Reconsider Granting In Forma Pauperis Status (Docket No. 46).

The court notes that the BOP did not enter an appearance in this matter.  However, as an officer of the court, counsel for the BOP is essentially moving to intervene in this matter for the purpose of preventing fraud on the court.  The court

notes that the named defendants are employees of the BOP, and further notes that if and when the named defendants are served, counsel for the BOP, i.e, the U.S. Attorneys' Office, will likely represent the named defendants. Further, the BOP's intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Accordingly, the court will allow the permissive intervention of the BOP under Fed. R. Civ. P. 24(b) for the limited purpose of presenting the subject motion. See Kane Cnty., Utah v. U.S., 597 F.3d 1129, 1135 (10th Cir. 2010) (stating that the "grant of permissive intervention lies within the discretion of the district court").

Plaintiff is proceeding *pro se.* The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys . Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a "plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

On February 26, 2013, the BOP filed the subject motion asking the court to reconsider Judge Boland's Order (Docket No. 4) granting plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 3). In its motion, the BOP asserts that plaintiff is not permitted to proceed *in forma pauperis* ("IFP") because he has accumulated at least three strikes under 28 U.S.C. § 1915(g). On February 27, 2013, the court held a telephonic status conference. During the conference, plaintiff was handed a copy of the subject motion by BOP counsel present with plaintiff in the prison facility. The court gave plaintiff up to and including March 18, 2013 to respond to the

motion. On March 14, 2013, plaintiff filed a motion (Docket No. 52) seeking thirty additional days to respond to the BOP's motion. The next day, the court entered an order (Docket No. 60) granting plaintiff's motion in part, giving plaintiff up to and including April 1, 2013 to file a response. Ultimately, plaintiff did not file a timely response to the subject motion.

The BOP's motion and the attached exhibits not only convincingly establish plaintiff's three-strikes status, but also detail plaintiff's deliberate attempts to circumvent his status through the use of false names. The court notes that plaintiff filed this case using the name "Wallace Gilbert-Mitchell, Jr." Neither plaintiff's Complaint (Docket No. 1) nor his Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 3) make reference to his federal register number, i.e, his inmate number. However, plaintiff's trust fund statement, attached to Docket No. 3, shows his correct name is Wallace Mitchell and his inmate number is 51443-060.

The declaration of Kara Lundy (Docket No. 46-3), states that she searched the BOP's national SENTRY database based on plaintiff's inmate number. The database shows six aliases associated with plaintiff's name and inmate number: (1) Richard Marvin Dale; (2) Wallace G. Mitchell; (3) Wallace Gilbert Mitchell; (4) Wallace Gilbert Mitchell, Jr.; (5) Martin Richmond; and (6) Charles Taylor. In addition, a search of the BOP's litigation database shows that plaintiff has filed cases under the following last names: (1) Mitchell; (2) Carter-Mitchell; (3) Dean-Mitchell; (4) Deen-Mitchell; and (5) Gilbert-Mitchell.

The United State District Court of the Middle District of Florida has previously dealt with plaintiff and his use of aliases. That court noted:

4

> A review of the Bureau of Prison's inmate locator reflect that Plaintiff's correct BOP inmate name is 'Wallace Mitchell.'  Plaintiff has also filed a Motion for Order to Direct the Clerk to Use Correct Address and Enter Same on Record,' (Doc. 6) seeking to have his correct federal prisoner number deleted from his address.  The Motion is DENIED.  The Court will address Plaintiff's mail using the correct name, address, and federal prisoner number reflected on the Bureau of Prison's inmate locator.  The Court finds that Plaintiff's attempt to prosecute this case under a variation of his correct name was meant to thwart the Court's investigation of his prior case filing history.

See Docket No. 46-2.  The court further noted that plaintiff's prior cases were numerous and plaintiff, as a frequent litigator, was "plainly aware of the requirement to disclose all past civil cases filed while incarcerated."  Id.  This order, and several others, demonstrate that plaintiff has been informed of his three-strikes status by several courts.  See Docket Nos. 46-2, 46-4, 46-5, & 46-6.  However, plaintiff failed to inform this court of his status and only listed one prior case he has filed.  See Docket No. 1, at 17.

28 U.S.C. § 1915(g) prohibits a prisoner from obtaining IFP status if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  The court finds that plaintiff has accumulated more that three strikes and for that reason does not qualify for IFP status.

5

Further, the court finds that plaintiff's failure to fully disclose his previous lawsuits and three-strikes status, under penalty of perjury, and his attempt to prosecute this case under a variation of his real name, constitutes an abuse of the judicial process and fraud on the court.  See Rivera v. Allen, 144 F.3d 719, 731 (11th Cir. 1998) (abrogated on other grounds, Jones v. Bock, 549 U.S. 199, 215 (2007)).  An appropriate sanction for plaintiff's abuse of judicial process and fraud on the court is the dismissal of his complaint.  See id.; see also Chavez v. City of Albuquerque, 402 F.3d 1039, 1043-44 (10th Cir. 2005) (stating a court has the inherent power to dismiss a case because of fraud on the court).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Federal Bureau of Prisons' ("BOP") Motion to Reconsider Granting In Forma Pauperis Status (Docket No. 46) is **GRANTED**.  Judge Boland's Order (Docket No. 4) granting IFP status is **VACATED.**  It is further

**RECOMMENDED** that plaintiff's Complaint be **DISMISSED** as a sanction for his abuse of the judicial process and fraud on the court**.**  It is further

**RECOMMENDED** that if Judge Arguello does not adopt this court's recommendation as to dismissal of plaintiff's Complaint, that plaintiff shall be ordered to pay the filing fee for this matter in full within fourteen (14) days of the date of Judge Arguello's order.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

6

the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  April 3, 2013          s/ Michael J. Watanabe
       Denver, Colorado       Michael J. Watanabe
                              United States Magistrate Judge