**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-01997-RM-MJW

WALLACE GILBERT-MITCHELL, JR.,

    Plaintiff,

v.

DAVID V. ALLRED, in his personal and professional capacities,
H. NEWCOMB, in his personal and professional capacities
MS. INOUYE, in her personal and professional capacities,
J. RODRIGUES, in his personal and professional capacities,
ROBERT LEGGITT, in his personal and professional capacities,
THERESA MONTOYA, in her personal and professional capacities, and
MS. MCDERMOTT, in her personal and professional capacities,

    Defendants.

---

**ORDER ADOPTING MAGISTRATE'S RECOMMENDATION
AND DISMISSING CASE**

---

Plaintiff Wallace Gilbert-Mitchell, Jr. ("Plaintiff") is a federal inmate currently housed at USP-Florence, Colorado. (ECF No. 24 at 1.) He initiated this action by filing a *pro se* complaint against various Bureau of Prisons ("BOP") employees and representatives asserting claims for constitutional violations and for retaliation (the "Complaint"). (ECF No. 1.) He was granted leave to proceed *in forma pauperis* ("IFP") by Order of Magistrate Judge Boland. (ECF No. 4.) On February 26, 2013, the BOP, although not itself a party to the litigation, filed a motion requesting that the Court reconsider granting Plaintiff leave to proceed IFP because he has accumulated at least three strikes under 28 U.S.C. § 1915(g). (ECF No. 46.) On April 3, 2013, Magistrate Judge Watanabe issued an Order granting the BOP's Motion to Reconsider, as well as

1

a Recommendation that Plaintiff's Complaint be dismissed (the "Recommendation"). (ECF No. 66.) The Recommendation for dismissal was based on the fact that Magistrate Judge Watanabe found that Plaintiff was engaged in an abuse of the judicial process and fraud on the Court. (*Id.*) Plaintiff filed timely objections to the Recommendation. (ECF No. 70.)

For the reasons stated below, Plaintiff's objections to the Recommendation are OVERRULED, Plaintiff's IFP status is revoked, the Magistrate Judge's Recommendation is ADOPTED, and Plaintiff's Complaint is DISMISSED.

### I.     LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Conclusory allegations of constitutional violations, unsupported by allegations of fact, do not state a claim on which relief can be granted. *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

28 U.S.C. § 1915(g) prohibits a prisoner from obtaining *in forma pauperis* status if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This prohibition is generally referred to as the "three strikes rule."

**II.     FACTS AND PROCEDURAL HISTORY**

The Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein. To the extent any additional facts are necessary for the Court's resolution of this matter, such facts are set forth below.

Plaintiff filed the Complaint on July 30, 2012, asserting eleven distinct causes of action. (ECF No. 1.) On August 7, 2012, Plaintiff was directed to file an amended complaint within 30 days to address various deficiencies identified by the Court. (ECF No. 5.) Although four motions for extensions of time were filed, no amended complaint was ever filed. Accordingly, on January 22, 2013, the Court by Senior Judge Babcock reviewed the original Complaint and dismissed various claims for those deficiencies previously identified. (ECF No. 24.) The following claims remain: Claim One, that Defendants violated Plaintiff's First, Fourth, Fifth and

Eighth Amendment rights by conspiring "to cause the wrongful death of the plaintiff, by denying the plaintiff medical treatment;" Claim Two, that Defendants "conspired to cause the wrongful death of the plaintiff, by purposefully feeding and exposing the plaintiff to soy and soy products, while knowing the plaintiff is allergic to soy;" Claim Three, that Defendants denied Plaintiff meals "with the expressed intent of weakening the plaintiff so that the attempts to wrongfully kills the plaintiff can be more easily accomplished;" Claim Four, that Defendants "conspired to torture the plaintiff and infect the plaintiff with Hepatitis, by forcing the plaintiff to live in cells with inoperable and/or inadequate toilets;" Claim Five, that Defendants "conspired to cause the wrongful death of the plaintiff, by forcing the plaintiff to recreate with inmates plaintiff has identified as enemies;" Claim Nine, that Defendants "conspired to violate the Plaintiff's rights to religious freedom, by refusing to allow the plaintiff his annual religious ceremonial meal." (ECF No. 1 at 5-15.)

Plaintiff's Complaint included a section entitled "Previous Lawsuits." (ECF No. 1 at 16.) In this section, Plaintiff was asked whether he had "ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated." (*Id.*) Plaintiff checked "Yes." (*Id.*) The form goes on to say that if a plaintiff has "filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit." (*Id.*) Plaintiff listed exactly one case under that section, a previous District of Colorado case. (*Id.*) He did not mention any other pending or former cases in this or any other jurisdiction. (*Id.*) Plaintiff completed and signed the Complaint, including the declaration regarding previous lawsuits, under penalty of perjury. (*Id.* at 8.)

On February 26, 2013, the BOP – although not a party to this action – filed a motion (ECF No. 46) asking the court to reconsider Magistrate Judge Boland's Order (ECF No. 4)

4

granting Plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). In its motion, the BOP asserted that Plaintiff is not permitted to proceed IFP because he has accumulated at least three strikes under 28 U.S.C. § 1915(g). According to the BOP, a search of its database revealed that Plaintiff has "six aliases associated with his committed name and register number (51443-060): (1) Richmond Marvin Dale, (2) Wallace G. Mitchell, (3) Wallace Gilbert Mitchell, (4) Wallace Gilbert Mitchell, Jr., (5) Martin Richmond, and (6) Charles Taylor." (ECF No. 46-3 ¶ 4.) Plaintiff has filed litigation under the last names "Mitchell," "Carter-Mitchell," "Dean-Mitchell," "Deen-Mitchell," and "Gilbert-Mitchell." (*Id.* at ¶ 5.) Plaintiff's Complaint (ECF No. 1) and the motion he filed requesting leave to proceed IFP (ECF No. 3) did not include Plaintiff's federal register number. As required proof of IFP eligibility, Plaintiff did attach, however, an inmate account statement from the BOP identifying him as inmate "Wallace Mitchell" with federal register number 51443-060. (ECF No. 3 at 4.)

On April 3, 2013, Magistrate Judge Watanabe issued the Recommendation in this matter. (ECF No. 66.) On April 8, 2013, the Court received Plaintiff's Opposition (the "Opposition") to the BOP's motion which was the subject of the Recommendation. (ECF No. 67.) Four days later, on April 12, the Court received Plaintiff's Objection to Magistrate Judge Order and Recommendation of Dismissal (the "Objections"). (ECF No. 70.) The Objections made reference to and incorporated both the amended complaint, which was never filed, and the Opposition. (*Id.*)

### III.    ANALYSIS

The Recommendation contains the following findings and conclusions: (1) Plaintiff filed this case using the name "Wallace Gilbert-Mitchell, Jr." and did not reference his inmate number

in his Complaint (ECF No. 1) or in the text of his Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3); (2) Plaintiff has filed cases in various United States courts under the following last names: Mitchell, Carter-Mitchell, Dean-Mitchell, Deen-Mitchell, and Gilbert-Mitchell; (3) The United States District Court of the Middle District of Florida previously ruled that "Plaintiff's attempt to prosecute this case under a variation of his correct name was meant to thwart the Court's investigation of his prior case filing history." (ECF No. 46-2); (4) Plaintiff has accumulated more than three strikes and does not qualify for IFP status; (5) Plaintiff's failure to fully disclose his previous lawsuits and his attempt to prosecute this case under a variation of his real name constitutes an abuse of the judicial process and fraud on the court. "Among the multifarious manifestations of the courts' inherent powers is the authority to vacate a judgment when a fraud has been perpetrated on the court." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1043-44 (10th Cir. 2005). After a *de novo* review of Magistrate Judge Watanabe's Recommendation, Plaintiff's Objections, and all relevant pleadings, the Court concludes that Magistrate Judge Watanabe's analysis of the issues was thorough and his conclusions were correct.

A number of the Objections may be disposed of readily as they do not engage the two crucial matters which lie at the core of the Order reconsidering IFP status and the Recommendation for dismissal – that Plaintiff is subject to the three strikes rule and that Plaintiff has been attempting to mislead and deceive the Court as to his eligibility for IFP. These are Objection No. 1 (speculation as to the BOP's motive in acting as an officer of the court in bringing this matter to the Court's attention), No. 2 (Plaintiff did file an Opposition to the BOP motion), No. 3 (BOP caused the Opposition to be received late by failing to attach adequate postage and threatening Plaintiff to induce him not to file an Opposition), No. 6 (BOP should not

have been allowed to intervene), No. 9 (Magistrate Judge Watanabe lacks the authority to overrule the IFP finding of Judge Boland as the latter is a U.S. District Judge), and No. 11 (the Recommendation "should be vacated" and "denied"). (ECF No. 70.)

The Court does not base its decision in this matter on the BOP's motives in bringing this matter to the Court's attention. Objection No. 1 is therefore overruled. The Court will consider the Opposition in making its ruling. Thus, Objections Nos. 2 and 3 are moot and overruled. Objection No. 6 is overruled as the Court agrees that the BOP may bring IFP information to the Court, either as a permissive intervention for a limited purpose under Fed. R. Civ. P. 24(b) as allowed by the magistrate judge or otherwise as an entity with an obligation to the Court to provide accurate information as it pertains to an inmate's IFP eligibility. Indeed, Plaintiff necessarily relied on BOP information in submitting a certification as to his inmate account status. Objection No. 9 is premised on the inaccurate belief that Magistrate Judge Boland is a district judge, and is overruled. Objection No. 11 is simply a summary and conclusory statement that is not specific enough as to constitute a valid objection.

The remaining Objections do, to some degree, attempt to engage the critical issues before the Court. Objections Nos. 4, 5, 7 and 8 purport to address the abuse of process and fraud on the court issues. Objection No. 10 attempts to invoke an exception to the three strikes rule. Although somewhat more focused than the previously discussed Objections, these too are without merit and are overruled.

Objections Nos. 4 and 5 are similar. Objection No. 4 claims that the Opposition "shows there has been no fraud on the court;" Objection No. 5 claims that the amended complaint "shows the BOP motion was moot before it was filed." Both Objections suffer from being

7

conclusory statements that do not point to the particular deficiency being alleged with respect to the Recommendation. But each has further problems as well.

Objection No. 5 relies on allegations flowing from an amended complaint which has never been filed. According to Plaintiff, the amended complaint was "filed" on December 21, 2012 (by delivering a copy to a BOP counselor), and this document lists all of Plaintiff's earlier litigation. *See* Opposition at ¶2. But Plaintiff can easily make unsubstantiated claims with respect to the amended complaint because it has never been filed with the Court. As referenced above, on January 22, 2013, Senior Judge Babcock dismissed various claims in the original Complaint in an Order which focused on the original Complaint because, "Plaintiff has not filed an amended complaint to date." (ECF No. 24 at 2.) And Plaintiff responded by filing a Motion for Relief from Judgment on January 31, 2013, in which he first raised the claim that the amended complaint had been handed to a counselor in December. (ECF No. 31.) But no filing of that amended complaint has since occurred, either as a direct pleading or as an exhibit or attachment. This Court cannot and will not credit a claim of disclosure made with respect to a document which, if it exists, has never been received by the Court.

Objection No. 4 at least references a pleading which is part of the ECF system. Based on the Court's review of the Opposition, however, it does not support Plaintiff's claim that it "shows" that there has been no fraud on the Court. To the contrary, the Opposition demonstrates that there has been an attempt to mislead the Court as to Plaintiff's three strikes rule status. And the Opposition demonstrates that this effort continues.

In the Opposition, Plaintiff attempts to distance himself from two cases or strikes identified in the BOP motion – *Deen-Mitchell v. Young*, Case No. 10-cv-334 (W.D. La. 2010)

(the "Louisiana Case") and *Mitchell v. Nash*, Case No. 09-cv-371-Oc-22GRJ (M.D. Fla. 2009) (the "Florida Case"), but he does so in a curious way. Plaintiff does not plainly and unambiguously deny that he was the plaintiff in these cases. Instead, he couches his position in less definitive terms, stating in the Opposition that the plaintiff in the Louisiana Case "may have been … a relative" and that the plaintiff in the Florida case "appears to be the other 'Wallace Mitchell' listed on the BOP locator." (ECF No. 67 at ¶ 5, 7.) [1]

Despite Plaintiff's wordsmithing, this Court concludes that Plaintiff's claims, despite the use of soft terms like "may" and "appear," are simply attempts to mislead as to Plaintiff's three strikes rule status. The Court has utilized the Pacer system to access the pleadings in the Florida and Louisiana Cases, takes judicial notice of such files, and has reviewed them. In each instance, the plaintiff has the same BOP number as Plaintiff herein – 51443060. And in each instance, the handwritten complaint reveals the same handwriting and signature characteristics as on the pleadings prepared by Plaintiff herein. (Louisiana Case ECF No. 1, 9; Florida Case ECF No. 1, 7.)

As for the claim made with respect to the Florida Case that the plaintiff there "appears to be" the other Wallace Mitchell revealed by the BOP locator, it is nothing short of preposterous. The BOP locator can be accessed from the BOP website. The locator shows only one "other" Wallace Mitchell to have been in the BOP system. However, that Wallace Mitchell had a different inmate register number (No. 29110004) from Plaintiff in this matter and in the Florida Case (No. 51443060), and that Wallace Mitchell was released from BOP custody in 1992 – approximately 18 years before the inmate civil rights complaint was filed in the Florida Case.

---

[1] In suggesting that he is not the plaintiff ("Wallace Mitchell," Reg. No. "51443060") in the Florida Case, Plaintiff remains strangely silent with respect to one important fact. In his Complaint in this matter, Plaintiff identified a single prior lawsuit previously filed by him. That lawsuit was *Mitchell v. Estrada*, Case No. 03-cv-387 (D. Colo. 2003). And in that case, Plaintiff filed under the name "Wallace Mitchell" with Inmate Register No. "51443060." (*Mitchell v. Estrada* ECF No. 169.)

Thus, the Court overrules Objection No. 4 as based on false and misleading suggestions by Plaintiff. Rather than showing the absence of fraud on the court, Plaintiff's statements in the Objections provide strong evidence that Plaintiff has abused and continues to abuse the judicial process.

Objection No. 7 states that there is no way for the Court or Plaintiff to access the internal BOP databases referenced in the Lundy Affidavit attached to the BOP motion. The implication is that the Court should, therefore, not rely upon the claims made in the BOP motion as to Plaintiff's various names and prior cases. While technically accurate that the Court does not have access to the databases, the Court nonetheless accepts the factual accuracy of the representations made by Ms. Lundy. This Objection is overruled.

Objection No. 8 claims that Plaintiff's name herein, Wallace Gilbert-Mitchell, Jr., is his birth name. This Objection is overruled as irrelevant.[2] The issue is that Plaintiff uses multiple names in an attempt to disguise the fact that he has already run afoul of the three strikes rule. His actual birth name, whatever it is, is not at issue.

Finally, Plaintiff attempts to avoid loss of his IFP status by claiming in Objection No. 10 that he is in imminent danger of serious physical injury, which, if true, would exempt him from the consequences of the three strikes rule. But there is simply no indication of any basis, other than bald and non-specific allegations, for concluding that Plaintiff is in imminent danger. In each of his other cases, he has claimed to be in imminent danger of physical injury, just as alleged here. (Florida Case ECF No. 1, 8; Louisiana Case ECF No. 1, 20.) In this case, Plaintiff claims that he "is being denied medical treatment for serious medical needs…e/g/ edema, hypertension, chronic traumatic encephalopathy (etc), hemorrhoids, infected toenails, knee

---

[2] In the Florida Case, Plaintiff claimed that his "surname has been Wallace Dean-Mitchell since birth." (Florida Case ECF No. 8, ¶ 5.)

instability; shortened leg; dislocated shoulder, broken rotator cuff, allergies, etc." (ECF No. 1, at 4, 5).

The Court finds that Plaintiff's allegations pertaining to medical treatment as well as those pertaining to soy, meals, and toilet facilities do not support a finding of actual and imminent serious physical harm.  In order to meet the imminent harm requirement, "allegations of past injury or harm are insufficient, as are vague and conclusory assertions of harm." *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).  Allegations which contain no specific references to particular acts by particular defendants will generally not meet the imminent harm requirement.  *See White v. State of Colo.*, 157 F.3d 1226, 1232 (10th Cir. 1998).  Plaintiff's allegations are not sufficiently specific, and they largely concern allegations of possible future harm.  And although Plaintiff seeks to create immediacy as to these matters by alleging a progression of diseases and ailments, allergic reactions, loss of consciousness and similar matters, his allegations are conclusory and lacking in sufficient factual specifics to permit a meaningful assessment of seriousness or imminence.  By virtue of the fact that Plaintiff, a frequent litigant, has exhibited a pattern of alleging imminent physical harm or an effort to cause his wrongful death by the BOP in his various filings in multiple federal courts over an extended period of time, the Court concludes that Plaintiff's allegations are primarily designed simply to thwart the three strikes rule.

Similarly, Plaintiff's allegation that he is being forced to recreate with unspecified "enemies' which places him at risk of imminent danger of serious physical harm is equally devoid of specific details and based solely on conclusory allegations.  And this allegation echoes the thrust of one raised in yet another prior frivolous lawsuit initiated by Plaintiff in the Middle District of Pennsylvania. There, in *Mitchell v. Hobart*, Case No. 02-cv-00192 (M.D. Pa. 2002),

11

(the "Pennsylvania Case"), Plaintiff alleged that prison officials were "forcing known enemies into the plaintiff's cell" resulting in "imminent danger." (Pennsylvania Case ECF No. 1 at 11-12.) This Objection is overruled.

As did the Seventh Circuit in *Gilbert-Mitchell, Jr. v. Patterson*, Case No. 10-2016 (7th Cir. 2010), this Court concludes that Plaintiff has, on three or more prior occasions, brought an action or appeal in which claims were dismissed as frivolous or as failing to state a claim on which relief could be granted. Plaintiff is accordingly barred from proceeding on an IFP status under the provisions of 28 U.S.C. § 1915 (g). (ECF No. 46-4.) As did the Court in the Florida Case, this Court finds that Plaintiff's failure to disclose his previous lawsuits, as well as his attempt to proceed in this case with a variant of one of the many names he has used in federal courts, constitutes an abuse of the judicial process.

## IV. CONCLUSION

Based on the foregoing and a *de novo* review of this matter, the Court concludes both that Plaintiff is not entitled to IFP status and that good reason exists to dismiss Plaintiff's Complaint due to misuse of the judicial process and fraud on the Court. Accordingly, it is ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's April 3, 2013 Order and Recommendation are OVERRULED and the Recommendation is ADOPTED;
2. Plaintiff's IFP status is revoked;
3. The Complaint in this matter is DISMISSED;
4. Any and all remaining pending Motions are DENIED as moot;

5. The Clerk of the Court is directed to close this case.

Dated this 21st day of June, 2013.

BY THE COURT:

Raymond P. Moore
United States District Judge